**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-4700**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHRISTOPHER DAMEON SMITH,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Jr., District Judge. (CR-02-1051)

_____

Submitted: September 28, 2005     Decided: October 26, 2005

_____

Before WILKINSON, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

James W. Bannister, BANNISTER & WYATT, L.L.C., Greenville, South Carolina, for Appellant. Isaac Louis Johnson, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Christopher Dameon Smith appeals the 120-month sentence imposed after he pled guilty to conspiracy to distribute and to possess with intent to distribute five grams or more of actual methamphetamine, more than fifty grams of a mixture or substance containing a detectable amount of methamphetamine, and a quantity of methylenedioxy-methamphetamine, all in violation of 21 U.S.C. §§ 841(a)(1) and 846 (2000). Smith's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious issues for appeal, yet objecting to his two-level enhancement for possession of a firearm under Blakely v. Washington, 542 U.S. 296 (2004). Because our review of the record discloses no reversible error, we affirm Smith's conviction and sentence.

The presentence report attributed 397.05 kilograms of marijuana, or a base level offense of twenty-six, pursuant to the U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(c)(7) (2002), to Smith. A two-level enhancement was applied for possession of a firearm, see USSG § 2D1.1(b)(1), and a three-level reduction was applied for acceptance of responsibility, see USSG § 3E1.1(a),(b). Smith did not plead guilty to the facts that would support the enhancement for possession of the firearm. Thus, based on a total offense level of twenty-five and a criminal history category of IV, the recommended guideline range for imprisonment was 84 to 105

months.  However, at sentencing, Smith admitted to a predicate offense that subjected him to a mandatory minimum sentence of 120 months under the provisions of 21 U.S.C. § 851 (2000).  Smith's guideline range therefore became the statutory minimum of 120 months.  See 21 U.S.C. § 841(b)(1)(B) (2000).  Smith was sentenced to the statutory minimum of 120 months.  See 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 851 (2000).

Although Smith's sentencing enhancement for possession of a firearm did not alter the statutory sentence, Smith now objects on the basis that the enhancement precluded him from qualifying for a possible reduction in his sentence through the completion of a drug treatment program offered by the Bureau of Prisons.  The Supreme Court has concluded that the "Bureau [of Prisons] may categorically exclude prisoners based on their preconviction conduct." Lopez v. Davis, 531 U.S. 230, 244 (2001).  Specifically, the BOP has discretionary authority to deny inmates with a two-point weapons enhancement the one-year sentence reduction after successfully completing a Residential Drug Abuse Program.  The two-level weapons enhancement, however, did not increase Smith's offense level or sentence imposed and thus is not affected by United States v. Booker, 125 S. Ct. 738 (2005).  See id., 125 S. Ct. at 748 (quoting Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) ("[A]ny fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and

proved beyond a reasonable doubt."). Accordingly, we find that this argument is without merit.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Smith's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED